IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EDITH DIANE JOHNSON, Widow of ROCKY ALLEN JOHNSON and Administrator of the Estate of ROCKY ALLEN JOHNSON, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-14-1310-D |
| DEERE & COMPANY, a Delaware Corporation, and CAROLYN MUTH | ) ) ) ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court are Defendant Deere & Company's Motion to Strike Plaintiff's Request for Jury Trial and Brief in Support [Doc. No. 8] and Plaintiff's Renewed Motion for Jury Trial, Response to Defense Motion to Strike Jury Request & Brief [Doc. No. 13]. The matter is ready for decision.

**I.    Procedural History**

Plaintiff commenced this action on April 25, 2014, by filing a petition [Doc. No. 1-1] in the District Court of Noble County, State of Oklahoma. Defendant Deere & Company (Deere) filed its answer [Doc. No. 1-6] on November 10, 2014.

Thereafter, on November 24, 2014, Deere filed its Notice of Removal [Doc. No. 1]. Forty-six days later, on January 9, 2015, Plaintiff filed a Demand for Jury Trial [Doc. No. 6].

**II.   Discussion**

Pursuant to this Court's local rules, "[u]nless demanded in the state court, trial by jury is waived in any case removed from a state court unless a demand for a jury trial is filed and served . . . within 14 days after receiving service of the notice of removal." LCvR 81.1.  Additionally, Fed.

R. Civ. P. 81(c)(3)(B) provides that "[i]f all necessary pleadings have been served at the time of removal, a party entitled to a jury trial under Rule 38 must be given one if the party serves a demand within 14 days after . . . it is served with a notice of removal filed by another party."

Plaintiff did not make a demand for a jury trial in state court, *see* Fed. R. Civ. P. 81(c)(3)(A), and did not timely demand a jury trial within the fourteen-day period required by LCvR 81.1 and Fed. R. Civ. P. 81(c)(3)(B).[1] Plaintiff concedes the demand for a jury trial was not timely filed but Plaintiff asks the Court to exercise its discretion and grant a jury trial. Pursuant to Fed. R. Civ. P. 39(b), the Court may exercise its discretion and grant a jury trial "on motion" and "on any issue for which a jury might have been demanded." In support, Plaintiff contends that Deere has not been prejudiced by its belated demand as the case remains in its early stages and further that the demand has been made within a reasonable time.

Absent "strong and compelling reasons," a district court should exercise its discretion under Rule 39(b) and grant a jury trial. *Nissan Motor Corp in U.S.A. v. Burciaga*, 982 F.2d 408, 409 (10th Cir. 1992); *see also Green Constr. Co. v. Kansas Power & Light Co.*, 1 F.3d 1005, 1011 (10th Cir. 1993). Because the case is at its early stages and Deere has not identified in particular prejudice, the Court finds Plaintiff's renewed motion for a jury trial should be granted.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Strike Plaintiff's Request for Jury Trial and Brief in Support [Doc. No. 8] is DENIED as moot.

---

[1] Rule 81(c)(3)(A) states that "[i]f the state law did not require an express demand for a jury trial, a party need not make one after removal unless the court orders the parties to do so within a specified time." *Id*. Although Oklahoma does not require an express demand for a jury trial, *see* Okla. Stat. tit. 12, § 556, the local rules of this Court require a plaintiff to file and serve a demand for a jury trial within 14 days after the notice of removal is filed.

IT IS FURTHER ORDERED that Plaintiff's Renewed Motion for Jury Trial, Response to Defense Motion to Strike Jury Request & Brief [Doc. No. 13] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff is granted a right to a jury trial.

IT IS SO ORDERED this  10th  day of March, 2015.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE